UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MOHAMADAN KONOTE,

    Plaintiff,

v.

MICHAEL BEATTIE, et al.,

    Defendants.

Case No. 1:24-cv-706

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On December 10, 2024, Plaintiff Mohamadan Konote, proceeding pro se, filed an application seeking to proceed *in forma pauperis* together with a tendered complaint against his former public defender, Michael Beattie, the Fayette County Public Defender's Office, and the managing Director of the Fayette County Public Defender['s] Office. By separate order filed herewith, the undersigned has granted Plaintiff leave to proceed *in forma pauperis.* This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

    **I.**    **Standard of Review**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Allegations of Complaint

Plaintiff's fifteen-page typed complaint is accompanied by another 13 pages of documentary exhibits and a USB drive. In the body of his complaint, Plaintiff alleges that on December 23, 2023, he was stopped by two officers of the University of Kentucky Police Department "without probable cause or reasonable suspicion" and improperly charged with reckless driving, DUI-first offense, and improper turning. (Doc. 1-1, PageID 6). Plaintiff alleges that the officers violated his Fourth Amendment rights at the time that

they stopped him and leading up to trial, and that the presiding judge "demonstrated overt bias and failed to ensure fair judicial proceedings," (Doc. 1-1, PageID 9). However, Plaintiff does not name either of the arresting officers or the judge as defendants in this case.[1] Instead, the instant federal complaint asserts claims only against his public defense attorney,[2] the managing director of the public defender's office, and the public defender's office itself.

The central theme of Plaintiff's complaint is the allegation that his appointed public defender "coerced" Plaintiff into "accepting a guilty plea under duress." (Doc. 1-1, PageID 5). Notably, Plaintiff never identifies what charge(s) he pleaded guilty to, nor does he indicate what (if any) sentence he received. He alludes to an appeal, but does not indicate whether any appeal is still pending. However, he alleges that he has been unable "to secure employment due to wrongful conviction, resulting in placement on child support Plaintiff cannot afford" as well as a "travel ban preventing Plaintiff from returning to his home country." (Doc. 1-1, PageID 17).

The undersigned infers from an attached exhibit that Plaintiff *may* have pleaded guilty to a single traffic offense of improper turn, presumably a misdemeanor, but the lack of any direct allegations stating that fact leave room for doubt. In the referenced "Exhibit 3," Plaintiff has attached what he represents to be screen shots of text messages with his public defender. In those texts, counsel encourages Plaintiff to accept an offer to plead guilty to the traffic offense in exchange for the prosecutor dropping the more serious reckless driving and DUI charges. (Doc. 1-1, PageID 30). Defense counsel suggests that

---

[1] To be fair, any claim against the presiding judge would have been barred by the doctrine of absolute judicial immunity.
[2] Plaintiff states that he filed a complaint against his public defender "in his office" but that the office "didn't do anything." (Doc. 1-1, PageID 21).

the dismissal of both the DUI and reckless driving charges is a good offer because it would permit Plaintiff to pursue a claim for wrongful arrest against the officers, since pleading guilty to "Improper Turn" is not an arrestable offense. (*Id.*; *see also* PageID 32, 35). Counsel warns Plaintiff against "rolling the dice" by going to trial on reckless driving due to a "minimum 50% chance" of the court finding him guilty, based on traffic camera footage which would show the turn. (*Id.*, PageID 35). Counsel advises that a guilty verdict on reckless driving "would cut off your ability to sue UKPD" and "prolong the time you'd be without a license." (*Id.*) But Plaintiff insists he did nothing wrong, and asks for a "nolle prosequi letter" "to confirm that I was wrongly arrested without a probable [cause]" and/or a letter stating he was falsely arrested for DUI – additional terms to which his defense attorney advises the prosecutor will not agree. (Doc. 1-1, PageID 32, 34, 36-38). The texts end with Plaintiff agreeing to meet with his public defender and the managing director of the public defender's office to discuss the prosecutor's offer before confirming his desire to go to trial.

While it is not entirely clear what occurred next, Plaintiff alleges that the Defendant "Managing Director" of the Fayette County Public Defender's Office "directly participated in the manipulation and coercion" leading up to Plaintiff's guilty plea, and that the Defendant Fayette County Public Defender's Office "failed to implement safeguards to prevent systemic misconduct" that contributed to his attorney's alleged violations of Plaintiff's constitutional rights. (*Id.*, PageID 6). In all, Plaintiff sets forth eight claims against defense counsel, the supervising attorney, and the public defender's office relating to the alleged violations of Plaintiff's civil rights under the Fourth, Sixth, and Fourteenth Amendments.

### III. Analysis

#### A. Plaintiff's Venue Problem

It is readily apparent from the face of the complaint that venue does not lie in this district. Plaintiff alleges that venue is proper because he "currently resides in Cincinnati, Ohio" and continues to suffer from "the effects of Defendants' misconduct…while residing in this district." (Doc. 1-1, PageID 5). But the factual allegations of the complaint reflect that all Defendants reside in Fayette County, Kentucky, and that the alleged incidents making up the basis of Plaintiff's claims also took place in Fayette County, Kentucky. Venue therefore lies in the U.S. District Court for the Eastern District of Kentucky (Central Division – Lexington). *See generally*, 28 U.S.C. § 1391(b) (setting forth parameters of venue).

When a case is filed in the wrong division of a district court, the court either "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, dismissal is appropriate because justice does not require the transfer of a case that is legally frivolous. To transfer this case to the Eastern District of Kentucky would create a substantial burden on the judicial resources of that court, which would be tasked with the same initial review under 28 U.S.C. § 1915(e).

#### B. Plaintiff's Complaint is Legally Frivolous

Plaintiff alleges that federal question jurisdiction exists based on the asserted violations of his constitutional rights under 42 U.S.C. § 1983. But in order to proceed under the civil rights statute, Plaintiff must show that the Defendants acted "under color of state law." Within the body of his complaint, Plaintiff repeatedly alleges that they did.

6

(*See, e.g.*, Doc. 1-1, PageID 9). But Plaintiff's allegation that the Defendants are state actors is nothing more than a legal conclusion. Unfortunately for Plaintiff, no less an authority than the U.S. Supreme Court has determined to the contrary that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceedings." *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445 (1981). In short, Plaintiff cannot proceed in federal court under § 1983 against the named Defendants because they are either individual attorneys who acted in their capacity as public defenders, or the office that employed them,[3] and therefore cannot be held liable under 42 U.S.C. § 1983. *Id.* Plaintiff's failure to include the most pertinent factual details add to the conclusion that he has failed to state a plausible claim.[4]

### IV. Conclusion and Recommendation

Venue in this Court is improper. However, because the case also is legally frivolous due to Plaintiff's inability to state a claim under 42 U.S.C. § 1983 against the named Defendants, **IT IS RECOMMENDED** that this Court **DISMISS** with prejudice rather than transfer it to the Eastern District of Kentucky. **IT IS FURTHER RECOMMENDED** that the

---

[3] To the extent that Plaintiff seeks to hold the Public Defender Office liable for the acts of its attorneys, (Doc. 1-1, PageID 15 at ¶71), Plaintiff's claim also fails because "[s]ection 1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk Cnty. v. Dodson*, 102 S.Ct. at 453, 454 U.S. at 325. While Plaintiff generally alleges that the office "failed to implement safeguards to prevent systemic misconduct, thereby contributing to" the alleged constitutional violations, (Doc. 1-1, PageID 6), he fails to allege any specific unconstitutional policy that actually caused the deprivation of his constitutional rights. *See also Henderson v. Lemke*, No. 3:15cv-P733-JHM, 2016 WL 355088 at *3 (W.D. Ky Jan. 28, 2016).

[4] For example, to the extent that Plaintiff pleaded guilty to a petty traffic offense, he may not have been entitled to counsel. *See Lewis v. U.S.*, 518 U.S. 322 (1996). If Plaintiff was instead convicted of a serious charge, he cannot seek § 1983 relief that undermines the validity of his criminal conviction without first having that conviction set aside. *See Heck v. Humphry*, 512 U.S. 477, 114 S.Ct. 2364 (1994). And if criminal proceedings remain ongoing in state court, this court must abstain from interfering. Thus, Plaintiff's failure to identify the charge to which he plead guilty in state court, and/or whether state court proceedings remain pending, add to his failure to state a plausible claim.

Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                           *s/Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MOHAMADAN KONOTE,

       Plaintiff,

v.

MICHAEL BEATTIE, et al.,

       Defendants.

Case No. 1:24-cv-706

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).