UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MAHAMADOU KONATE, | Case No. 1:24-CV-706 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| MICHAEL BEATTIE, et al., | **OPINION & ORDER** |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of December 13, 2024. (Doc. 5). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties may forfeit rights on appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Plaintiff Mahamadou Konate timely objects, (Doc. 7), but for the following reasons the Court will overrule his objection and adopt the recommendations of the Magistrate Judge.

I. **BACKGROUND**

On December 23, 2023, Konate alleges that he was "stopped by two officers of the University of Kentucky Police Department 'without probable cause or reasonable suspicion' and improperly charged with reckless driving, DUI-first offense, and improper turning." (Doc. 5, PageID 98). Konate brings suit under 42 U.S.C. § 1983 against his appointed public defender, Michael Beattie—as well as the Fayette County Public Defender's Office and its Managing Director—alleging that he "was wrongfully subjected to a coerced guilty plea as a result of the Defendants' misconduct, which has caused him

1

significant financial, emotional, and reputational harm." (Doc. 3, PageID 56). Specifically, Konate claims that "[d]espite exculpatory evidence being readily available, including body camera footage that contradicted the charges against him, Defendants failed to uphold their duty to provide effective counsel or disclose critical evidence." (*Id.*, PageID 55).

Upon review of the complaint and attached exhibits, the Magistrate Judge concluded that venue does not lie in the Southern District of Ohio. In addition, the Magistrate Judge determined that dismissal—rather than transfer—is the most appropriate course of action because Konate fails to state a claim upon which relief can be granted. (Doc. 5, PageID 101-02). Konate objects "on several grounds, including the failure to consider critical evidence, the mischaracterization of Defendant Michael Beattie's actions, and the incorrect determination that Plaintiff failed to state a claim upon which relief can be granted." (Doc. 7, PageID 118).

## II. <u>STANDARD OF REVIEW</u>

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III. <u>ANALYSIS</u>

As a threshold matter, Konate takes issue with the Magistrate Judge's conclusion that venue is improper in the Southern District of Ohio. Specifically, Konate argues that

venue is proper because he "resides in Cincinnati and continues to suffer substantial harm in this district." (Doc. 7, PageID 120). But as relevant here, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Thus, because Defendants appear to reside in Fayette County, Kentucky, and the alleged conduct leading to Konate's complaint took place in Fayette County, Kentucky, venue lies in the Eastern District of Kentucky.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the Magistrate Judge concluded that dismissal is appropriate because Konate's case is legally frivolous, and a transfer would do little more than burden the judicial resources of the Eastern District of Kentucky. (Doc. 5, PageID 101). Konate generally disputes the Magistrate Judge's conclusion and asserts that the Magistrate Judge disregarded, misinterpreted, or failed to consider supporting evidence. (Doc. 7, PageID 121-23).

The Court concurs that Konate's complaint lacks a basis in law, and dismissal is therefore the more appropriate outcome. As the Magistrate Judge noted, Konate alleges "that federal question jurisdiction exists based on the asserted violations of his constitutional rights under 42 U.S.C. § 1983." (Doc. 5, PageID 101). But Konate offers little more than an unsupported legal conclusion that Defendants are state actors within the meaning of § 1983.

Ultimately, Konate cannot overcome long-established precedent "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[1] *Polk Cnty. v. Davidson*, 454 U.S. 312, 325 (1981); *see Floyd v. Kent Cnty.*, 454 F. App'x 493, 497 (6th Cir. 2012). Although he argues that Defendants are nevertheless liable because they engaged "in activities beyond traditional advocacy, such as colluding with prosecutors and judges," the record Konate points to is devoid of support for his claim of a "secret meeting" in which "Beattie was explicitly instructed to disregard [his] communications and weaken [his] defense by presenting false statements in court." (Doc. 7, PageID 120, 124).

IV. **CONCLUSION**

For the foregoing reasons, Konate's objections, (Doc. 7), are **OVERRULED**, and the R&R, (Doc. 5), is **ADOPTED** in full. This matter is **DISMISSED** with prejudice, and the Court further **CERTIFIES** that an appeal of this order would not be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                                */s/ Michael R. Barrett*
                                Michael R. Barrett
                                United States District Judge

---

[1] Because Konate alleges no "policy or custom" behind the alleged deprivation of his rights, and "[§] 1983 will not support a claim based on a *respondeat superior* theory of liability," *Polk Cnty.*, 454 U.S. at 325, the same holds true for his claims against Beattie's supervisor and the Fayette County Public Defender's Office.

4